

**FILED**
**Sep 20, 2024**
**10:49 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MICHELLE HARDY,** | ) | **Docket No. 2020-08-0327** |
| **Employee,** | ) | |
| **v.** | ) | |
| **OLLIE'S BARGAIN OUTLET, INC.,** | ) | **State File No. 27227-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **PA MANUFACTURERS INDEM. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS
### (DECISION ON THE RECORD)

---

The Court held an expedited hearing on the record on Ms. Hardy's request for authorized treatment with Dr. Greg Kyser, the panel-selected physician. The carrier offered Ms. Hardy a new panel of physicians to take over her care. The Court holds that Ms. Hardy is entitled to a new panel of physicians because Dr. Kyser has declined to treat her.

### History of Claim

Ms. Hardy alleged she suffered an arm injury on April 11, 2019, which evolved into complex regional pain syndrome. Her authorized treating physician made a psychiatric referral, and she selected Dr. Kyser from a panel.

She began treating with Dr. Kyser in September 2023, and he last saw her in February 2024. He did not release her at maximum medical improvement and anticipated that she still needed psychiatric treatment.

Dr. Kyser testified that he requires the carrier to sign an agreement before he agrees to treat. The carrier signed the required agreement in August 2023 before Ms. Hardy began treatment. After treatment began, Dr. Kyser later updated the agreement to reflect increased fee schedule amounts and sent the updated agreement to the carrier for signature.

1

The carrier objected to signing the updated agreement because of collection and legal fee language associated with unpaid medical bills. Further, it took issue with language holding the carrier personally responsible for payment of medical bills. The first agreement, signed by the carrier, contained all the language it now objects to.

Dr. Kyser testified that he could not agree to striking the collection language because his office had extensive collection problems with the carrier. At the time of his deposition, medical bills related to Ms. Hardy's treatment remained unpaid.

On February 27, Dr. Kyser terminated Ms. Hardy's treatment due to the carrier's failure to pay medical bills related to her treatment and its refusal to sign an updated agreement. To resume Ms. Hardy's treatment, Dr. Kyser stated he would need the signed updated agreement, all outstanding medical bills paid, and the name of a contact person for any additional billing problems. The carrier refused.

In June, the carrier offered a new panel of physicians for Ms. Hardy to select another physician due to Dr. Kyser's refusal to treat her. Ms. Hardy argued that Dr. Kyser should remain her treating physician and her treatment with him should be authorized.

**Findings of Fact and Conclusions of Law**

Ms. Hardy has the burden of proving she is likely to prevail at a hearing on the merits on her request for continued treatment with Dr. Kyser. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-204(a)(1)(A) says that employers must provide injured workers medical care and treatment made reasonably necessary by the work-related injury. This includes both the authorization and payment of reasonable and necessary medical care, causally related to the work injury. *Mitchell v. AECOM,* 2023 TN Wrk. Comp. App. Bd. LEXIS 5, at *10-11 (Jan. 27, 2023).

The parties agreed that Ms. Hardy is entitled to treatment with a psychiatrist. The issue is whether the Court can order continued treatment with Dr. Kyser. It cannot.

The Appeals Board held that where the employer designated an authorized treating physician who refused to see the employee, the trial court correctly ordered the employer to replace the physician on its panel to allow the employee to select another physician. *Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017).

Here, Dr. Kyser has declined to treat Ms. Hardy unless his demands are met. The Court does not have the authority to scrutinize Dr. Kyser's demands and likewise does not

have the authority to tell the carrier that it must meet them.

The carrier previously signed the agreement and has failed to timely pay Dr. Kyser's bills. Even at the time of the deposition, and after assurances from the carrier's counsel, bills remained unpaid. The Court recognizes the fact that the carrier's failure to timely pay Ms. Hardy's bills is, at least in part, why she has been unable to receive continued treatment with Dr. Kyser.

However, Ms. Hardy offered no authority to support her position that the reason for the physician's denial of treatment is relevant to the analysis after further treatment has been declined. Her request to return to Dr. Kyser is thus denied, and she shall select a new treating physician from the June 2024 panel.

*Penalty Referral*

Section 50-6-118(8) authorizes penalties for an employer's failure to timely provide medical treatment made reasonably necessary by the accident and recommended by the authorized treating physician. Tennessee Compilation Rules and Regulations 0800-02-01-.06(1) (2023) requires that an employer give a panel of physicians no later than three days after the employee expresses the need for medical care.

Here, the carrier's failure to pay Dr. Kyser's bills has effectively denied Ms. Hardy reasonable and necessary medical treatment. Additionally, Dr. Kyser declined to treat Ms. Hardy in February, but Ollie's did not offer a new panel until June. Moreover, Dr. Kyser testified, in August, that some of his medical bills remain unpaid. The Court therefore refers Ollie's to the Compliance Program for assessment of penalties under both section 50-6-118(8) and Rule 0800-02-01-.10.

*Attorney's Fees*

The Court holds that Ms. Hardy is entitled to attorney's fees under section 50-6-226(d)(1)(B) for the failure to timely initiate medical benefits because Ollie's did not provide a new panel until four months after Dr. Kyser declined to treat Ms. Hardy.

The Appeals Board held this type of delay "exemplifies one of the extremely limited set of circumstances where an award of reasonable attorney's fees and costs is appropriate at the interlocutory stage of the case." *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018). The carrier's four-month delay demonstrates those circumstances, and the Court directs Ms. Hardy's counsel to file a motion for fees as described below.

3

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hardy's request that Dr. Kyser remain the authorize treating physician is denied. Ms. Hardy shall select a new treating physician from the June 2024 panel, and Ollie's shall schedule an appointment as soon as possible.

2. The Court grants Ms. Hardy's request for attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B) because of the employer's failure to timely reinitiate medical benefits. Ms. Hardy's counsel shall file a motion for fees and expenses incurred in obtaining the updated panel, itemized by task, date of performance, time spent, and the requested hourly rate within ten days of the date of this order. Ollie's shall have five days to respond.

3. Ollie's is referred for penalties for violations of Tennessee Code Annotated section 50-6-118(8) and Rule 0800-02-01-.10.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED September 20, 2024.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Employee Affidavit
2. Physiatry referral
3. Dr. Kyser Panel
4. Emails between parties
5. First Report of Injury
6. June 12, 2024 Panel
7. Dr. Greg Kyser Deposition and Exhibits

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on September 20, 2024.

| Name | Email | Service sent to: |
|---|---|---|
| Jonathan May, Employee's Attorney | X | jmay@forthepeople.com |
| Alex Elder, Employer's Attorney | X | alex@holleyelder.com |
| Compliance Program | X | WCCompliance.Program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____　　☐ Motion Order filed on _____

☐ Compensation Order filed on_____　　☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*